UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN B. NELSON, JR. | CIVIL ACTION |
| VERSUS | NO. 13-769 |
| INTERNATIONAL MARINE, LLC, ET AL | SECTION "N"  (5) |

## ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed eight days prior to the noticed submission date.  No memorandum in opposition to the following motions, noticed for submission on April 30, 2014, was filed:

(1) "Motion for Entry of Rule 54(b) Final Judgment," filed by Chevron U.S.A. Inc. (Rec. Doc. 73); and

(2) "Motion for Entry of Rule 54(b) Final Judgment," filed by filed by defendant  Offshore Cleaning Systems, L.L.C. (Rec. Doc. 74).

Further, the Court finds that the motions have merit.  "Federal Rule of Civil Procedure 54(b) permits a district court to enter separate final judgment on any claim or counterclaim, after making 'an express determination that there is no just reason for delay.' "  *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)).   "This power is largely discretionary...to be exercised in light of 'judicial administrative interests as well

as the equities involved,' and giving due weight to 'the historic federal policy against piecemeal appeals.' " *Id.* (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10 (1980)) (citations and internal quotations omitted); *see also Ackerman v. F.D.I.C.,* 973 F.2d 1221, 1225 (5th Cir. 1992).

In this case, the Court finds that there is no just reason for delay. No party opposed the granting of summary judgment dismissing the claims and cross-claims against these two defendants. Thus, it is unlikely that granting final judgment on these claims will result in piecemeal appeals.

Accordingly;

**IT IS ORDERED** that the above listed motions are hereby **GRANTED**.

New Orleans, Louisiana, this 28th day of April, 2014.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**